**EXHIBIT A**

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR CLARK COUNTY

| | |
|---|---|
| NINA CAVOLA, in her individual capacity, | NO. 21-2-00719-06 |
| Plaintiff, | COMPLAINT |
| vs. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation, | |
| Defendant. | |

TO:   DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

Plaintiff, by and through her attorney, alleges and complains as follows:

## I.   PARTIES

1.   Plaintiff Nina Cavola (hereinafter "Mrs. Cavola") was and is a resident of Vancouver, Clark County, Washington.

2.   At all times material hereto, Defendant State Farm Mutual Automobile Insurance Company ("Defendant State Farm") was a foreign insurance company licensed and authorized to conduct business as an insurer in the State of Washington.

Page 1 – COMPLAINT

ETENGOFF | PAK LAW GROUP
605 E. McLoughlin Blvd.
Vancouver, WA 98663
(360) 693-2919 phone
(360) 693-2646 fax

## II.   JURISDICTION AND VENUE

3. At all times material hereto, Defendant State Farm was actively engaged in the business of issuing vehicle insurance in the State of Washington and in Clark County, Washington. Defendant State Farm has at all relevant times acted through its agents and/or employees in the State of Washington and Clark County, Washington. This Court has jurisdiction and venue over the Defendant and the subject matter and persons of the parties pursuant to RCW 4.12.025.

## III.   FIRST CAUSE OF ACTION

### NEGLIGENCE

4. On or about March 25, 2017, at approximately 8:18 p.m., Mrs. Cavola was driving a 2013 BMW X3 at or near the intersection of SE Bob Schumacher Road and SE Stevens Road in or near Happy Valley, Oregon. At that same time, Defendant Kubrakov was driving a 2002 BMW 525 believed to be owned by Defendant Premier Choice, at or near the intersection of SE Bob Schumacher Road and SE Steven Road. While Mrs. Cavola was passing through the intersection, Defendant Kubrakov failed to yield the right of way and collided into the front driver's side of Mrs. Cavola's vehicle.

5. Mr. Kubrakov owed a duty to Mrs. Cavola to operate his vehicle with ordinary care.

6. Mr. Kubrakov breached this duty by failing to operate his vehicle with ordinary care by colliding with Mrs. Cavola's vehicle.

7. As a direct and proximate cause of the negligence of Mr. Kubrakov, Mrs. Cavola suffered bodily injuries and has suffered and continues to suffer, economic and noneconomic damages in amounts to be proven at trial.

8. As alleged in further detail below, Mr. Kubrakov was an uninsured driver at the time of the subject motor vehicle collision.

Page 2 – COMPLAINT

ETENGOFF | PAK LAW GROUP
605 E. McLoughlin Blvd.
Vancouver, WA 98663
(360) 693-2919 phone
(360) 693-2646 fax

9. Pursuant to Mrs. Cavola's Uninsured Motorist ("UM") insurance coverage, Defendant State Farm now steps in shoes of the uninsured driver, Mr. Kubrakov, in Mrs. Cavola's claim of negligence against Mr. Kubrakov.

10. As a proximate result of the foregoing negligence of Defendant State Farm, by and through the uninsured driver, Mr. Kubrakov, Mrs. Cavola suffered bodily injuries, and has suffered, and continues to suffer, economic and noneconomic damages in amounts to be proven at trial.

### IV. SECOND CAUSE OF ACTION

### BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

11. Each of the above allegations is incorporated herein by this reference.

12. Mrs. Cavola and her husband, Raymond Cavola, purchased automobile insurance from Defendant State Farm so that there would be insurance protection if they were ever injured in an automobile accident caused by an uninsured driver.

13. At all times material to this complaint, Mrs. Cavola was an insured driver under a policy of automobile insurance that was issued by Defendant State Farm Policy Number 275-4444-D26-47J (hereinafter "State Farm Policy").  The State Farm policy was in full force and effect at the time of the collision described above.

14. Under the State Farm Policy, Defendant State Farm contracted to provide uninsured ("UM") coverage to Mrs. Cavola in exchange for premium payments paid by them.  They made all premium payments and the contract of insurance was in full force at the time of the loss.

15. On August 27, 2019, Plaintiff's counsel sent a settlement demand package to State Farm requesting it tender the limits of Mrs. Cavola's UM coverage as compensation for Mrs. Cavola's claim under the State Farm policy issued to Mr. & Mrs. Cavola.

Page 3 – COMPLAINT

ETENGOFF | PAK LAW GROUP
605 E. McLoughlin Blvd.
Vancouver, WA 98663
(360) 693-2919 phone
(360) 693-2646 fax

16. On December 14, 2020, Defendant State Farm rejected Mrs. Cavola's claim for full compensation under the State Farm policy and made an offer, which was for an amount considerably less than the reasonable value of Mrs. Cavola's claim.

17. There is an implied duty of good faith and fair dealing in every insurance policy.

18. Defendant State Farm breached the duty of good faith and fair dealing by intentionally failing to pay the claim without a reasonable basis for such action.

19. Defendant State Farm knew that it acted without a reasonable basis or failed to perform an investigation or evaluation adequate to determine whether its action was supported by reasonable basis.

20. As a proximate result of Defendant State Farm's acts and admissions, Plaintiff Cavola sustained damages in an amount to be proven at trial.

WHEREFORE, Plaintiff Cavola prays and demands judgment against Defendant State Farm as follows:

1. For the reasonable value of special damages incurred to date, and to be incurred in the future, in an amount not presently ascertained, but to be determined at trial consistent with the proof in this action. Special damages include, but are not limited to, physician, diagnostic, hospital and prescription expenses and lost wage and travel expenses. All of these injuries can be compensated for by a sum of money in a substantial amount, the exact amount of which to be proven at trial.

2. For general damages in amounts not presently ascertained, but well in excess of the jurisdictional amount of this Court consistent with the proof of this action. The severity of Plaintiff Cavola's injuries caused Plaintiff physical pain and suffering; mental and emotional anxiety; suffering; distress and depression; life disruption; loss of enjoyment of life, along with other damages in an amount to be proven at the time of trial in this matter. All of these injuries can be compensated for by

Page 4 – COMPLAINT

ETENGOFF | PAK LAW GROUP
605 E. McLoughlin Blvd.
Vancouver, WA 98663
(360) 693-2919 phone
(360) 693-2646 fax

a sum of money in a substantial amount, in excess of the jurisdictional limits of this Court, the exact amount of which to be proven at trial.

3. For an award of prejudgment interest on all medical and out-of-pocket expenses proximately caused by Defendant's negligence.

4. For Plaintiff's taxable costs incurred herein.

5. For such other and further relief as the Court may deem just and proper.

DATED this 16th day of April, 2021.

ETENGOFF PAK LAW GROUP

By: /s/ James L. Pak
James L. Pak, WSBA No. 28399
605 E. McLoughlin Blvd.
Vancouver, WA 98663
*Attorney for Plaintiff*

Page 5 – COMPLAINT

ETENGOFF | PAK LAW GROUP
605 E. McLoughlin Blvd.
Vancouver, WA 98663
(360) 693-2919 phone
(360) 693-2646 fax